IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MARK HART, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 16-1066 |
| | ) | |
| v. | ) | Judge Cathy Bissoon |
| | ) | |
| WEST MIFFLIN AREA SCHOOL DISTRICT, et al. | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM ORDER**

**I. MEMORANDUM**

Pending before the Court is Defendants' Motion to Dismiss (**Doc. 5**), pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. For the reasons that follow, Defendant's Motion to Dismiss (**Doc. 5**) will be GRANTED IN PART AND DENIED IN PART.

**A. BACKGROUND**[1]

Plaintiff Mark Hart ("Plaintiff") worked as the Director of Security and Safety for Defendant West Mifflin Area School District ("Defendant School District") from July 1, 2013 to September 24, 2015. (Complaint (Doc. 1), ¶¶ 10, 11). Plaintiff avers that his tenure as Director of Security and Safety was marked by multiple confrontations with his direct supervisors,

---

[1] The following background facts are taken from Plaintiff's Complaint (Doc. 1). Because the case is presently before this Court on a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the Court accepts as true all allegations in the complaint and all reasonable inferences that can be drawn therefrom. See Rocks v. City of Philadelphia, 868 F.2d 644, 645 (3d Cir. 1989). In addition, the Court views all well pled factual averments and reasonable inferences in the light most favorable to the non-moving party. Id.

1

Superintendent Daniel Castagna and Assistant Superintendent Mark Hoover (together, the "individual Defendants"). (Doc. 1 at ¶ 14).

Among other things, Plaintiff alleges that, on or about December 18, 2014, a secretary at the West Mifflin Area High School, Cil King, accused Plaintiff of repeatedly using racially demeaning terms to describe West Mifflin Area School District's High School Principal. (Doc. 1 at ¶ 18). Plaintiff claims this accusation was false. (Doc. 1 at ¶ 19). Nevertheless, as a result of Ms. King's allegedly false accusation, Defendants Castagna and Hoover suspended Plaintiff from his position as Director of Security and Safety for two days. (Doc. 1 at ¶ 20). Plaintiff claims that he was suspended from his position prior to any investigation by Defendants Castagna and Hoover into the validity of Ms. King's accusation. (Doc. 1 at ¶ 21). Plaintiff further alleges that his suspension was immediately discussed on the social media site, Topix. (Doc. 1 at ¶ 25). Although Plaintiff acknowledges that the communications on Topix were anonymous, he believes that Defendants Hoover and Castagna (as well as possibly others yet to be identified) were responsible for the statements because they were the only individuals with access to information regarding Plaintiff's suspension. (Doc. 1 at ¶ 26).

Approximately nine months after his first suspension, in or around September 2015, Defendants Castagna and Hoover accused Plaintiff of stealing food from West Mifflin Area High School's cafeteria freezer as well as $1,400 from West Mifflin Area High School's vault. (Doc. 1 at ¶¶ 32-42). Once again, Plaintiff claims that these accusations are false and that there is no evidence to support them. (Doc. 1 at ¶ 43). Nonetheless, based on these allegedly unfounded accusations, Defendants Castagna and Hoover suspended Plaintiff from September 4 to September 24, 2015. (Doc. 1 at ¶ 44). Defendant Castagna also informed Plaintiff that he would be recommending to the Board of School Directors at their meeting on September 24, 2015, that

Plaintiff be terminated. (Doc. 1 at ¶ 44). Plaintiff avers that, as a result of the Defendants' "baseless accusations" and "relentless attacks on his professional reputation," he intentionally crashed his car into a telephone pole in an attempt to kill himself on September 9, 2015. (Doc. 1 at ¶ 47). Plaintiff claims that he spent 22 days in the hospital following the car crash. (Doc. 1 at ¶ 48).

On September 24, 2015, the Defendant School District's Board of School Directors met and voted to terminate Plaintiff's employment. Plaintiff claims that the Board based its decision on Defendant Castagna's recommendation, but that Defendant Castagna "did not provide the Board with any reasons or evidence to support his recommendation to terminate Plaintiff." (Doc. 1 at ¶¶ 50, 52). Plaintiff was unable to attend the September 24, 2015 Board meeting because of his ongoing hospitalization. (Doc. 1 at ¶ 51). According to Plaintiff, Plaintiff's absence from the Board meeting "violated the policy of the Defendant School District's Board of School Directors which requires an administrative hearing prior to termination." (Doc. 1 at ¶ 53). Plaintiff avers that, following his termination, there were additional anonymous communications about Plaintiff posted on the social media site, Topix, which were untrue, painted him in a poor and false light and otherwise defamed his character. (Doc. 1 at ¶ 56). Again, Plaintiff believes that Defendants Hoover and Castagna were responsible for the allegedly defamatory statements posted to Topix following his termination. (Doc. 1 at ¶ 57).

On July 20, 2016, Plaintiff filed a Complaint against the Defendant School District and the individual Defendants, asserting four counts. (Doc. 1). Count I alleges that Defendants violated Plaintiff's substantive due process rights under Section 1983 and the Fourteenth Amendment. (Doc. 1 at ¶¶ 60, 63). Specifically, Plaintiff alleges that all Defendants violated his Constitutionally-protected liberty interest in his reputation. (Doc. 1 at ¶¶ 63, 65). Count II

alleges that Defendants violated his procedural due process rights under Section 1983 and the Fourteenth Amendment by denying him the right to be heard at the School Board of Director's meeting on September 24, 2015 wherein the Board made the decision to terminate him. (Doc. 1 at ¶¶ 72-79). Count III alleges a Section 1983 conspiracy claim against Defendants Hoover and Castagna claiming that Hoover and Castagna conspired to deny Plaintiff "due process of the laws." (Doc. 1 at ¶¶ 85-86). Finally, in Count IV, Plaintiff brings a state law claim for breach of contract against the Defendant School District only. (Doc. 1 at ¶¶ 90-99).

Defendants now move to dismiss Counts I, II and III of the Complaint. (Defendants' Motion to Dismiss (Doc. 5) at ¶ 7). In the alternative, Defendants move to dismiss all claims against the individual Defendants based on qualified immunity. (Doc. 5 at ¶ 13). Finally, Defendants move to strike Plaintiff's punitive damages claims. (Doc. 5 at ¶ 12). For the foregoing reasons, the Court will grant Defendants' Motion to Dismiss Counts I and III of the Complaint, as well as Defendants' Motion to Dismiss Count II against the individual Defendants. The Court will also strike Plaintiff's request for punitive damages. The Court, however, will deny Defendants' Motion to Dismiss Count II against the Defendant School District.

**B. ANALYSIS**

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). When faced with a motion to dismiss, a court "must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions." Fowler v. UPMC Shadyside, 578 F.3d 203, 210-11 (3d Cir. 2009).

1. **Count I – Substantive Due Process Claim**

In Count I, Plaintiff alleges that "Plaintiff's constitutionally protected liberty interest in his reputation was violated when Defendants Hoover and Castagna made substantially and materially false statements accusing Plaintiff of the serious crime of theft to the public and, therefore, stigmatized Plaintiff's reputation." (Doc. 1 at ¶ 65). Defendant moves to dismiss Count 1, arguing that "no . . . right of defamation or injury to one's reputation exists under the Federal Constitution." (Doc. 6 at 12). Plaintiff responds that he has alleged sufficient facts to make out a viable "stigma plus" claim against the Defendants. The Court disagrees.

The Supreme Court has held that "[w]here a person's good name, reputation, honor, or integrity is at stake because of what the government is doing to him, notice and an opportunity to be heard are essential." Wisconsin v. Constantineau, 400 U.S. 433, 437 (1971). When notice and an opportunity to be heard are not provided, a plaintiff may bring "a due process claim for deprivation of a liberty interest in reputation." Hill v. Borough of Kutztown, 455 F.3d 225, 236 (3d Cir.2006) (citation omitted). To prevail, the plaintiff must demonstrate "a stigma to his reputation plus deprivation of some additional right or interest." Id. (emphasis in original) (citing Paul v. Davis, 424 U.S. 693, 701 (1976)). This is referred to as the "stigma-plus" test, and in the context of public employment, it "has been applied to mean that when an employer 'creates and disseminates a false and defamatory impression about the employee in connection with his termination,' it deprives the employee of a protected liberty interest." Id. (quoting Codd v. Velger, 429 U.S. 624, 628 (1977)).

"To satisfy the 'stigma' prong, the employee must show: 1) publication of 2) a substantially materially false statement that 3) infringed upon the 'reputation, honor, or integrity' of the employee.'" Brown v. Montgomery Cnty., 2012 WL 942645, at *3 (3d Cir. Mar. 21,

2012) (quoting Ersek v. Springfield, 102 F.3d 79, 83–84 (3d Cir. 1996)).  Notably, "no liberty interest of constitutional significance is implicated when the employer has alleged merely improper or inadequate performance, incompetence, neglect of duty or malfeasance."  Fox v. Cheltenham Twp. Auth., 2012 WL 2273424, at *4 (E.D. Pa. June 18, 2012).  The "plus" prong of the "stigma plus" test is typically the termination of employment, but reputational damage that occurs "in the course of or is accompanied by a change or extinguishment of a right or status guaranteed by state law or the Constitution" also may be actionable.  D & D Assoc., Inc. v. Bd. of Educ. of N. Plainfield, 552 Fed. Appx. 110, 113 (3d Cir. 2014) (citing Clark v. Twp. of Falls, 890 F.2d 611, 619 (3d Cir. 1989)).  Although deprivation of the "liberty to pursue a calling or occupation" or to "earn a living" have been deemed sufficient to satisfy the plus prong, a generalized "possible loss of future employment opportunities" and "financial harm" are insufficient to support a reputation-based due process claim.  Simpson v. Nicklas, 500 Fed. Appx. 185, 188 (3d Cir. 2012) (citing Clark, 890 F.2d at 620, and Sturm v. Clark, 835 F.2d 1009, 1013 (3d Cir. 1987)).

Here, despite his arguments to the contrary, Plaintiff does not plead sufficient facts to satisfy either prong of the "stigma plus" test.  In his Complaint, Plaintiff alleges that "Defendants Hoover, Castagna and/or John and/or Jane Doe" published statements on the social media site, Topix, related to his "suspension" (Doc. 1 at ¶ 25) as well as "[m]ultiple defamatory statements discussing Plaintiff" following his termination.  (Id. at ¶ 56).  Plaintiff states, in conclusory fashion, that such statements were "untrue, painted Plaintiff in a poor and false light to members of his community and profession and otherwise defamed Plaintiff's character."  (Id. at ¶¶ 25, 56).  Plaintiff, however, does not provide the Court with the actual content of the allegedly defamatory statements.  Thus, the Court has no way to assess whether the alleged statements "infringed

6

upon [Plaintiff's] . . . reputation, honor, or integrity" and thus were sufficiently stigmatizing to give rise to an actionable substantive due process claim. See Brown, 2012 WL 942645, at *3. Furthermore, Plaintiff does not satisfy the "plus" prong of the test as he does not allege that he suffered any specific harm as a result of Defendants' alleged publication of defamatory statements on Topix. Plaintiff does not allege that the publication of statements on the website resulted in his being terminated from his employment.[2] And, to the extent Plaintiff claims that he has suffered loss of *future* employment as a result of the publication of these online statements, his allegations are insufficient, as he alleges (if anything) only a generalized threat of lost future employment opportunities. See Simpson, 500 Fed. Appx. at 188. Finally, the Court notes that Plaintiff has alleged no facts that would support a substantive due process "stigma-plus" claim against the Defendant School District. Plaintiff does not allege that the Defendant School District was in any way involved in Defendant Hoover and Castagna's alleged publication of statements on Topix, or that the municipality has a custom or policy of sanctioning such publications. Thus, in the absence of some further evidence linking the Defendant School District to the allegedly defamatory statements, the Court finds no basis to hold this Defendant liable for the actions alleged in Count 1 of the Complaint.

---

[2] Although Plaintiff alleges that his "unjustified termination and second suspension were based on false and defamatory statements made by Defendants Hoover and Castagna that Plaintiff knowingly and intentionally stole food and $1,400 from Defendant West Mifflin," (Doc. 1 at ¶ 62), he also alleges that "Defendant Castagna did not provide the Board with any reasons or evidence to support his recommendation to terminate Plaintiff." (Id. at ¶ 50). In other words, Plaintiff seems to concede that Defendant Castagna did not disclose to the Board information related to the purported theft of food and $1,400 before the Board made the decision to terminate him. In all events, even if Defendant Castagna had disclosed the theft allegations to the Board, such a disclosure is not actionable under the stigma-plus test. Under Third Circuit law, publication must be to the general public; comments made to officials within the same public institution do not qualify as public dissemination. Yu v. U.S. Dep't of Veterans Affairs, 528 Fed.Appx. 181, 185 (3d Cir. 2013).

7

For the foregoing reasons, the Court will dismiss Count 1 of the Complaint against all Defendants, without prejudice to Plaintiff filing an amended complaint.[3]

### 2. Count II – Procedural Due Process Claim

In Count II, Plaintiff claims that his procedural due process rights were violated when he was denied the right to attend the Board of School Director's meeting on September 24, 2015. (Doc. 1 at ¶¶ 72-79). Defendants argue that Count II should be dismissed against the Defendant School District because Plaintiff "has failed to identify a policy or custom of the West Mifflin Area School District that has led to a violation of his civil rights." (Doc. 6 at 12). Defendants further argue that Plaintiff's claims against the individual Defendants at Count II are duplicative of his claim against the School District. (Id. at 13-14).

Although the Court finds that Plaintiff has not alleged sufficient facts to support a procedural due process claim against the individual Defendants, it disagrees with Defendants that Plaintiff must identify a municipal "policy or custom" that resulted in the violation of his civil rights to bring an actionable claim against the Defendant School District. As Plaintiff argues, municipal entities can be sued under Section 1983 where "the action that is alleged to be unconstitutional implements or executes a policy statement, ordinance, regulation, or decision officially adopted and promulgated by that body's officers." Monell v. Dep't of Soc. Servs. of

---

[3] In their briefing, Defendants Hoover and Castagna argue that they have qualified immunity from liability for money damages sought by Plaintiff because he failed to establish that they violated any clearly established constitutional or statutory right. Because the Court finds that Plaintiff has failed to allege sufficient facts to support any claims against the individual Defendants, it need not reach their alternative argument that there are qualifiedly immune from suit. However, the Court notes that, to the extent Plaintiff is able to amend his Complaint to assert a viable "stigma plus" claim against the individual Defendants, the qualified immunity defense likely will not apply as such a right is "clearly established" under Third Circuit precedent. See Hill v. Kutztown, 455 F.3d 225 (3d Cir. 2006) (holding that when a local government employee's reputation is harmed via the public dissemination of a false statement, and that employee is terminated, his Fourteenth Amendment liberty interest has been violated under the "stigma-plus" doctrine).

N.Y.C., 436 U.S. 658, 690 (1978). In Pembaur v. City of Cincinnati, 475 U.S. 469 (1986), the United States Supreme Court explained that municipal liability may be found under Section 1983 "for a single decision by municipal policymakers," where those policymakers have "final authority to establish municipal policy with respect to the action ordered." Id. at 480–81.

Here, Plaintiff alleges that "Defendant West Mifflin deprived [him] of his constitutionally protected property interest in his position of Director of Security and Safety when Plaintiff was denied his right to be heard at the Board of School Directors' meeting on September 24, 2015." (Doc. 1 at ¶ 77). School districts are municipal entities for purposes of Section 1983. Schlegel v. Koteski, 307 Fed. Appx. 657 (3d Cir. 2009). Furthermore, under Pennsylvania law, the board of school directors in any school district has final decision-making authority over the dismissal of the school district's officers and employees. 24 Pa. Const. Stat. § 5-514. Thus, the Court finds that the Board of School Director's decision to terminate Plaintiff without a proper pre-termination hearing constitutes an action by a policymaker with "final authority" under Monell, Pembaur, and their progeny. Accordingly, the Court will deny Defendants' Motion to Dismiss Plaintiff's claims against the Defendant School District at Count II.

However, the Court will grant the Motion to Dismiss Count II as against the individual Defendants. Plaintiff has failed to plead any facts suggesting that Defendants Hoover and Castagna were personally involved in the violation alleged at Count II, i.e., the decision to terminate Plaintiff without affording him to right to attend a pre-termination hearing. Because Plaintiff has not alleged that Defendants Hoover and Castagna were personally involved in denying him such a hearing, his personal capacity claims against these defendants at Count II will be dismissed, without prejudice to amendment. See Robinson v. City of Pittsburgh, 120 F.3d 1286, 1294 (3d Cir. 1997) (a defendant in a § 1983 action must have personal involvement

in the alleged wrongs). Furthermore, as Defendants argue, to the extent that Plaintiff brings procedural due process claims against the individual Defendants in their *official* capacities, those claims will be dismissed, with prejudice, as duplicative of his claim against the Defendant School District.

### 3. Count III - Conspiracy Claim

The Court will also dismiss Plaintiff's civil conspiracy claim against the individual Defendants at Count III of the Complaint. As several courts have recognized, "a governmental entity and its agents cannot, as a matter of law, conspire because they are considered one and, therefore, the 'two or more persons' requirement cannot be met." Burden v. Wilkes-Barre Area Sch. Dist., 16 F. Supp. 2d 569, 573 (M.D. Pa. 1998) ("[E]ven reading the allegations as maintaining that the Board members conspired together, the claim must fail. The individual Board members are all agents of the defendant School District and, therefore, the 'two or more person' requirement is not met here and the claim of conspiracy must be dismissed"). Because the individual Defendants named in the Complaint acted as agents of the Defendant School District, they cannot conspire with each other as a matter of law. See Brady v. Cheltenham Twp., 1998 WL 164994, at *4 (E.D. Pa. Apr. 9, 1998) ("In their official capacities, employees of a municipal police department are 'part of the same entity and therefore cannot be charged with civil conspiracy' because an entity cannot conspire with itself."); accord Hull v. Cuyahoga Valley Joint Vocational Sch. Dist., 926 F.2d 505 (6th Cir. 1991) (superintendent, executive director of district and school administrator could not conspire because all were members of same collective entity); Moody v. Jefferson Parish Sch. Bd., 803 F. Supp. 1158 (E.D. La. 1992) (school board, principal, vice-principal, and various teachers all employed by the school board were a single entity); Hankins v. Dallas Indep. Sch. Dist., 698 F. Supp. 1323 (N.D. Tex. 1988)

10

(high school and its officials constitute a single entity). Accordingly, the Court will dismiss Count III, with prejudice.[4]

### 4. Punitive Damages Claims

In their Motion to Dismiss, Defendants also challenge Plaintiff's request for punitive damages, arguing that the Defendant School District and the individual Defendants named in their official capacities are immune from punitive damages in § 1983 cases. Indeed, it is well established that municipalities and municipal employees named in their official capacities are immune from punitive damages in a § 1983 suit. City of Newport v. Fact Concerts, Inc., 453 U.S. 247, 271 (1981). That is because awarding punitive damages against a municipality only punishes the taxpayer, rather than punishing "the tortfeasor whose wrongful action was intentional or malicious." Id. at 266-67. Because the only claims that remain are those against the Defendant School District (Counts II and IV), the Court will strike Plaintiff's request for punitive damages, without prejudice.

## II. ORDER

For the reasons stated above, Defendants' Motion to Dismiss the Complaint (**Doc. 5**) is GRANTED IN PART and DENIED IN PART.

Consistent with the foregoing, the Court hereby DISMISSES WITHOUT PREJUDICE Count I of the Complaint against all Defendants and Count II of the Complaint against the individual Defendants Hoover and Castagna. Further, the Court hereby DISMISSES WITH PREJUDICE Plaintiff's official capacity claims against Defendants Hoover and Castagna at Count II of the Complaint as well as his claims against the individual Defendants at Count III of

---

[4] The Court will dismiss this claim with prejudice as an amendment would be futile. See Alston v. Parker, 363 F.3d 229, 235 (3d Cir. 2004) (holding that district courts must permit a curative amendment within a set period of time unless such an amendment would be inequitable or futile).

the Complaint.  The Court also hereby STRIKES Plaintiff's request for punitive damages, without prejudice.

    IT IS SO ORDERED.


December 8, 2016                                                  s/Cathy Bissoon
                                                                                                        Cathy Bissoon
                                                                                                       United States District Judge

CC (via ECF email notification):

All Counsel of Record