IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MARK HART, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 16-1066 |
| | ) | |
| v. | ) | Judge Cathy Bissoon |
| | ) | |
| WEST MIFFLIN AREA SCHOOL DISTRICT, et al. | ) ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

Plaintiff Mark Hart filed a Motion for Reconsideration of this Court's December 8, 2016 Memorandum Order (Doc. 12). For the reasons stated herein, Plaintiff's Motion for Reconsideration will be DENIED.

In essence, Plaintiff argues that the Court erred in its December 8, 2016 Memorandum Order when it dismissed his substantive due process claim against Defendants, finding that: "Plaintiff does not satisfy the 'plus' prong of the [stigma-plus] test as he does not allege that he suffered any specific harm as a result of Defendants' alleged publication of defamatory statements on Topix. Plaintiff does not allege that the publication of statements on the website resulted in his being terminated from his employment." Doc. 10 at 7. Plaintiff cites to Hill v. Borough of Kutztown, 455 F.3d 225 (3d Cir. 2006) for the proposition that the "plus" prong of the stigma-plus test is satisfied as long as "the defamatory statements occurred in conjunction with a discharge from public service," even if the statements did not directly *cause* the plaintiff's termination.

Indeed, the Court of Appeals for the Third Circuit held in Hill that, in the public employment context, "when an employer 'creates and disseminates a false and defamatory impression about the employee in connection with his termination,' it deprives the employee of a

1

protected liberty interest." Hill, 455 F.3d at 236 (quoting Codd v. Velger, 429 U.S. 624, 628 (1977)). Contrary to Plaintiff's arguments, however, Hill did not hold that the stigma-plus test can be satisfied simply by showing that a defendant published a stigmatizing statement related in some way to one's termination. Rather, the Court in Hill found that a plaintiff can assert a stigma-plus claim if she has suffered some *actual* injury as a result of the publication of stigmatizing statements, whether that be termination from her current employment or the actual loss of future employment opportunities. In Hill, for instance, the Court found that the plaintiff could bring such a claim because he *was* terminated as a result of the defendant's publication of stigmatizing statements. Likewise, in Fouse v. Beaver Cty., No. 2:14-CV-00810, 2015 WL 1967242, at *5 (W.D. Pa. May 1, 2015), which Plaintiff cites in his briefing, Judge Hornak found that the plaintiff could make out the "plus" prong of the test because he "does not simply contend that Defendant Schouppe's stigmatizing statements had a damaging effect on his general, future job opportunities – he takes it a step further, and pleads that those statements actually resulted directly in the loss of his 'secondary' employment."

Here, as discussed in the Court's December 8, 2016 Memorandum & Order, Plaintiff has not alleged that he suffered any actual injury as a result of the Defendants' allegedly stigmatizing statements. If anything, Plaintiff has alleged only a generalized "possible loss of future employment opportunities," which is insufficient, under current Third Circuit law, to support a reputation-based substantive due process claim. Simpson v. Nicklas, 500 Fed. Appx. 185, 188 (3d Cir. 2012).[1] Because Plaintiff has not alleged that he suffered any actual injury (*i.e.*, loss of present

---

[1] See also Arneault v. O'Toole, 513 F. App'x 195, 198–99 (3d Cir. 2013) ("Although the District Court assumed for the sake of argument that this prong was met, Arneault has not alleged that publication of the reports cost him an additional right or interest. He did not lose his gaming license, nor does he allege that he lost any particular job or job prospect. Instead, he alleges that he lost possible career prospects and that his legal status changed because he was required to disclose the denial recommendation on future gaming license applications. These are part of the stigma alleged and not an additional lost interest or right.").

or future employment) as a result of Defendant's allegedly stigmatizing statements, the Court finds that he has not met the "plus" prong of the "stigma-plus" test.[2]

For the foregoing reasons, there is no basis for reconsideration, and Plaintiff's Motion for Reconsideration (Doc. 12) is DENIED.

IT IS SO ORDERED.


December 27, 2016                                   s/Cathy Bissoon
                                                        Cathy Bissoon
                                                        United States District Judge

cc (via ECF email notification):

All counsel of record

---

[2] In addition, as the Court noted in its Memorandum Order, Plaintiff does not allege sufficient facts to show that Defendants even published "stigmatizing" statements about him. In his Complaint, Plaintiff alleges that "Defendants Hoover, Castagna and/or John and/or Jane Doe" published statements on the social media site, Topix, related to his "suspension" (Doc. 1 at ¶ 25) as well as "[m]ultiple defamatory statements discussing Plaintiff" following his termination. (Id. at ¶ 56). Plaintiff states, in conclusory fashion, that such statements were "untrue, painted Plaintiff in a poor and false light to members of his community and profession and otherwise defamed Plaintiff's character." (Id. at ¶¶ 25, 56). Plaintiff, however, does not provide the Court with the actual content of the allegedly defamatory statements. Thus, the Court has no way to assess whether the alleged statements "infringed upon [Plaintiff's] . . . reputation, honor, or integrity" and thus were sufficiently stigmatizing to give rise to an actionable substantive due process claim. See Brown v. Montgomery Cnty., 2012 WL 942645, at *3 (3d Cir. Mar. 21, 2012).